DLD-157                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1329
_____

UNITED STATES OF AMERICA

v.

DANNY AUMENT,
                    Appellant

_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. Criminal Action No. 1-23-cr-00006-001)
District Judge:  Honorable Gregory B. Williams

_____

Submitted on Appellee's Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 25, 2024
Before:  JORDAN, PORTER, and PHIPPS, <u>Circuit Judges</u>

(Opinion filed: August 8, 2024)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Danny Aument pleaded guilty to unlawful possession of a machinegun and possession of a silencer. Aument was sentenced in the U.S. District Court for the District of Delaware to 30 months on each count, to be served concurrently and to be followed by three years of supervised release for each count, again to be served concurrently. On January 24, 2024, he filed a motion for sentence reduction under 18 U.S.C. § 3582(c)(2) and citing Amendment 821, Part (B) of the U.S. Sentencing Guidelines. The District Court denied the motion, stating that Aument was not eligible for a sentencing reduction because the offense involved the possession of firearms, which constituted an "aggravating factor" under U.S.S.G. § 4C1.1(a)(7). Aument timely filed the instant appeal. The government moved to summarily affirm.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review a district court's decision to grant or deny a motion for a sentence reduction pursuant to § 3582(c) for abuse of discretion. See United States v. Mateo, 560 F.3d 152, 154 (3d Cir. 2009). We may summarily affirm the District Court's order if we conclude that Aument has not presented a substantial question. See 3d Cir. LAR 27. 4 and IOP 10.6.

After considering the sentencing factors set forth in 18 U.S.C. § 3553(a), a district court can reduce a defendant's sentence pursuant to § 3582(c)(2) if the defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

2

18 U.S.C. § 3582(c)(2).  This statute "does not authorize a resentencing," and only "permits a sentence reduction within the narrow bounds established by the [U.S. Sentencing] Commission."  Dillon v. United States, 560 U.S. 817, 831 (2010).

Amendment 821, Part (B) of the U.S. Sentencing Guidelines discusses a two-level reduction available for "Zero-Point Offenders" that meet certain criteria enumerated in U.S.S.G. § 4C1.1.  One of the criteria for the reduction is that the defendant "did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon . . . in connection with the offense."  U.S.S.G. § 4C1.1(a)(7).

The District Court correctly concluded that because Aument was convicted for possessing a firearm, he was not eligible for the sentence reduction, as per the relevant criteria listed in the U.S. Sentencing Guidelines.  Aument does not challenge this rationale in his response to the government's motion to summarily affirm, and instead presents an argument regarding the timing of his conviction in relation to the date that Amendment 821 went into effect.  Accordingly, we conclude that Aument has not presented a substantial question.  We therefore grant the government's motion and will summarily affirm the judgment of the District Court.